1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| WYLMINA E. HETTINGA, | Case No. C-13-2217-RMW |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTIONS TO DISMISS, DECLARING PLAINTIFF TO BE A VEXATIOUS LITIGANT, AND DENYING MOTION FOR STAY** |
| TIMOTHY P. LOUMENA, et al., | |
| Defendants. | **[Re: Docket Nos. 29, 38, 41, 44, 51, 62, 87, 100]** |

All defendants move to dismiss plaintiff Wylmina Hettinga's first amended complaint. Dkt. Nos. 29, 38, 41, 44, 51, 62; *see* Dkt. No. 7 (first amended complaint, "FAC"). Defendants Jeanie O'Connor and Chicago Title Company also request that the court declare plaintiff to be a vexatious litigant. Dkt. No. 53, at 14-16. Plaintiff brings a "motion for stay," which the court interprets as a motion for a preliminary injunction. Dkt. Nos. 87, 100. For the reasons explained below, the court GRANTS defendants' motions to dismiss without prejudice, GRANTS defendants Chicago Title Company and Jeanie O'Connor's motion to declare plaintiff to be a vexatious litigant, GRANTS an injunction for pre-filing review of plaintiff's future filings, and DENIES plaintiff's motion for stay.

United States District Court
For the Northern District of California

## I. BACKGROUND

This case arises out of plaintiff and defendant Timothy Loumena's state divorce case, which has been ongoing since 2005. Plaintiff, who is *pro se*, alleges in the FAC that "[o]n February 27, 2013, [defendant] Kennedy, purporting to be acting under the laws of the State of California, fraudulently claimed that Wylmina E. Hettinga, trustee of The Loumena 2000 Revocable Trust Agreement, established the 6th of December, 2000, Wylmina E [sic] Hettinga as an individual, and Pacific Almaden Investments, LLC a California Limited Liability Company had, for a valuable consideration, receipt of which was acknowledged, granted the Property to Defendants." FAC ¶ 21. The FAC further states that plaintiff "did not receive any such valuable consideration, did not acknowledge receipt of any such valuable consideration, and did not grant [Hettinga and Loumena's former family residence (the "property")] to Defendants." *Id.* ¶ 22. According to the FAC, the property was sold. *Id.* ¶ 23. It appears from Exhibit B to the FAC that the proceeds were divided among various creditors. *Id.* Ex. B.

Documents from the state court divorce case reveal that the state court repeatedly ordered that the property be sold, with the proceeds being placed in a trust account.[1] *See* Dkt. No. 31. In an order filed January 23, 2013, the state court wrote:

> This Court previously ordered this property sold on 1 September 2011 (order filed 28 March 2012). Under that Order, Respondent Timothy Loumena was to select the realtor, both parties were to sign any and all necessary paperwork, and the net proceeds were to be placed into an interest-bearing trust account. The Court reiterates and modifies that Order as follows:
>
> (a) The property shall be listed and sold forthwith. The listing agent shall be the individual named on the record by Mr. Loumena – Scott Raley of Customer Service Realty. Mr. Loumena shall be the sole lister of the property.
>
> (b) Mr. Loumena shall work with the realtor to prepare the property for sale and make decisions concerning the appropriate list price, what to do with offers received, and any other necessary elements of the sales process. . . . As to any documents requiring any signatures from Ms. Hettinga, . . . Mr. Loumena shall provide them, and those parties shall promptly sign and return the documents to Mr. Loumena. If three (3) days after presenting the documents, Mr. Loumena has not received

---

[1] Multiple defendants request that the court take judicial notice of documents from the state court divorce case. Dkt. Nos. 31, 45, 52, 64. These motions are GRANTED.

ORDER GRANTING MOTION TO DISMISS
Case No. C-13-2217-RMW
RDS
- 2 -

> the necessary signatures, he may bring the documents to Department 83 for the Court Clerk to sign as elisor on behalf of Ms. Hettinga, . . . .

*Id*. Ex. C. It appears that, pursuant to the January 23, 2013 state court order, Mr. Loumena was required to have the court clerk, defendant Kennedy, sign as elisor on behalf of plaintiff.

Plaintiff brings a single claim in the FAC, for violation of her civil rights under 42 U.S.C. § 1983. Plaintiff's allegations arise directly out of the sale of the property in her divorce case. Specifically, plaintiff asserts that the forced sale of the property violated her Fourth Amendment rights, and her rights under the Takings Clause of the Fifth and Fourteenth Amendments. The FAC names as defendants Timothy Loumena, plaintiff's ex-husband; Pamela Kennedy, the state court clerk; the State of California; Walter Hammon, the attorney appointed by the state court to represent plaintiff's children; Travis Krepelka, Loumena's attorney; Scott Raley, the court-appointed real estate listing agent; Chicago Title Company, which was involved in the sale of the property; and Jeanie O'Connor, who apparently has some relationship with Chicago Title Company.

## II.  ANALYSIS

### A.  Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

ORDER GRANTING MOTION TO DISMISS
Case No. C-13-2217-RMW
RDS
- 3 -

**B. Motions to Dismiss**

Defendants base their motions to dismiss on several grounds, including Eleventh Amendment immunity, quasi-judicial immunity, the *Rooker-Feldman* doctrine, and failure to state a claim. The court finds that it lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, and thus does not address any of defendants' other arguments.

Under the *Rooker-Feldman* doctrine, a federal district court has no authority to review the final determinations of a state court in judicial proceedings. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16). The *Rooker-Feldman* doctrine precludes not only review of decisions of the state's highest court, but also those of its lower courts. *See Dubinka v. Judges of Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994). A challenge under the *Rooker-Feldman* doctrine is a challenge for lack of subject matter jurisdiction. *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998).

The *Rooker-Feldman* doctrine applies when a plaintiff in federal court alleges a "de facto appeal" by (1) asserting errors by the state court as an injury and (2) seeking relief from the state court judgment as a remedy. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139-40 (9th Cir. 2004). "A federal action constitutes such a *de facto* appeal where 'claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).

In this case, plaintiff brings a § 1983 claim based on the state court's alleged violation of plaintiff's Fourth, Fifth, and Fourteenth Amendment rights in ordering and executing the sale of plaintiff's property. Plaintiff argues that the state court was wrong to order the sale of the family residence and compel the proceeds to be placed in a trust account. Plaintiff seeks relief in the form

ORDER GRANTING MOTION TO DISMISS
Case No. C-13-2217-RMW        - 4 -
RDS

of monetary damages. Tellingly, plaintiff's "motion for stay" requests that this court stay the state court case. Dkt. No. 87, at 8. Similarly to the complaint, the motion for stay focuses on the clerk of the court's actions in signing for Hettinga as elisor when Hettinga did not sign and return the documents necessary for the property's sale as ordered by the state court. Clearly, this is the sort of collateral attack on a state court order contemplated by *Rooker* and *Feldman*. "The *Rooker-Feldman* doctrine, generally speaking, bars a plaintiff from bringing a § 1983 suit to remedy an injury inflicted by the state court's decision." *Jensen v. Foley*, 295 F.3d 745, 747 (7th Cir. 2002). Here, plaintiff's § 1983 claim is barred by *Rooker-Feldman*, and the court thus dismisses without prejudice plaintiff's complaint for lack of subject matter jurisdiction. *Durbin v. Dubuque*, 348 F. App'x 294, 295 (9th Cir. 2009) (ordering the district court to dismiss without prejudice).

### C. Motion to Stay

As determined above, the court lacks jurisdiction over this suit. Plaintiff's motion to stay, which is better characterized as a motion for a preliminary injunction, is related to the merits of plaintiff's case. Dkt. No. 87; *see also* Dkt. No. 100 (indicating that the funds from sale of the property have already been disbursed, which likely moots the motion to stay). Accordingly, the court lacks jurisdiction to grant plaintiff's requested stay, and plaintiff's motion to stay is DENIED.

### D. Motion to Declare Plaintiff a Vexatious Litigant

Defendants Chicago Title Company and Jeanie O'Connor also move for plaintiff to be declared a vexatious litigant. In the motion, these defendants request that the court require plaintiff to seek leave of the court before filing any more papers in this case or other cases in this district.

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used. Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). At the same time, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

ORDER GRANTING MOTION TO DISMISS
Case No. C-13-2217-RMW
RDS
- 5 -

The Ninth Circuit has adopted a four-factor test to determine whether a pre-filing review order is warranted. Specifically, "[a] pre-filing review order is appropriate if (1) the plaintiff is given adequate notice and an opportunity to oppose the order; (2) the Court compiles an adequate record for review; (3) the Court makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order is narrowly tailored 'to closely fit the specific vice encountered.'" *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1055 (N.D. Cal. 2012) *aff'd*, 520 F. App'x 534 (9th Cir. 2013) (quoting *Molski*, 500 F.3d at 1057). The court now considers these four factors.

As to the first factor—notice—plaintiff was given adequate notice because Chicago Title Company and Jeanie O'Connor filed the motion to declare plaintiff a vexatious litigant and plaintiff has had an opportunity to oppose the motion. *See* Dkt. No. 53, at 14-16. Nevertheless, plaintiff's responses do not address the motion to declare plaintiff a vexatious litigant. *See* Dkt. Nos. 71, 72.

Under the second and third factors, the court must compile an adequate record for review and make substantive findings as to the frivolous or harassing nature of plaintiff's actions. Plaintiff has been declared a vexatious litigant in state court as a result of her filings in her divorce case. Dkt. No. 52-17, at 4. In this district, plaintiff has filed at least five cases, including the instant case and another similar case also before the undersigned. *Hettinga v. Orlando, et al.*, No. 09-cv-00253; *Hettinga v. Hammon, et al.*, No. 09-cv-06040; *Hettinga, et al. v. Loumena, et al.*, No. 10-cv-02975; *Hettinga v. Loumena, et al.*, No. 13-cv-02217; *Pacific Almaden Investments, LLC v. Hettinga, et al.*, No. 14-cv-01631 (cross-complaint, though the complaint, while not filed by Hettinga, mirrors her other cases). This court also has a pending motion to declare plaintiff a vexatious litigant in that fifth case. Case No. 14-cv-01631, Dkt. No. 34. All three of plaintiff's prior cases in this district were dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Dkt. Nos. 52-4 Ex. D (*Orlando* case), 52-8 Ex. H (*Hammon* case), 52-11 Ex. K (first *Loumena* case). Plaintiff appealed one of those dismissals to the Ninth Circuit, and the Ninth Circuit found plaintiff's appeal to be frivolous. *See* Dkt. Nos. 52-5 Ex. E ("[W]e find that the appeal is frivolous."), 52-6 Ex. F ("[T]he questions raised in this appeal are so insubstantial as not to require further argument . . . ."). Moreover, all of plaintiff's cases arise out of plaintiff's underlying divorce action and seek to obtain relief from the state court's decisions in plaintiff's long-running divorce case. While no court in this

district has reached the substantive merits of plaintiff's cases because the district court has lacked subject matter jurisdiction over all of plaintiff's cases thus far, none of plaintiff's cases appear to have any substantive merit. Rather, plaintiff's suits in this district typically name all attorneys and various other individuals involved in her divorce case as defendants. This practice of suing those involved in plaintiff's state court case has likely harassed those individuals and impeded the progress of that case. As noted above, the state court has declared plaintiff a vexatious litigant, and plaintiff's divorce action has been pending for nine years. Therefore, plaintiff Wylmina Hettinga is a vexatious litigant, and the court will impose a pre-filing review injunction on plaintiff.

Finally, the court must narrowly tailor the pre-filing review order to the specific vice encountered. Here, the vice is plaintiff's tendency to file frivolous lawsuits relating to her ongoing divorce action. The court therefore enjoins plaintiff from filing any documents in this case, her other currently pending case, No. 14-cv-01631, or from filing any new action in the Northern District of California arising out of facts related to plaintiff's divorce case, without passing a pre-filing review. This narrowly tailored order captures plaintiff's pattern of abusive conduct without unnecessarily impeding her access to the judicial system. By requiring a pre-filing review of plaintiff's future actions related to plaintiff's divorce case, the court seeks to preclude plaintiff from further harassing the individuals involved in the divorce case. To this court's knowledge, plaintiff has not engaged in any abusive litigation conduct in this district beyond repeatedly seeking to challenge the state court's actions in plaintiff's divorce case, so plaintiff remains free to pursue any other claims she may have.

### III.  ORDER

For the foregoing reasons, the court GRANTS defendants' motions to dismiss with prejudice as to further filings in federal court, GRANTS Chicago Title Company and Jeanie O'Connor's motion to declare plaintiff to be a vexatious litigant, and DENIES plaintiff's motion for stay. The court imposes the following pre-filing review on future filings by plaintiff Wylmina Hettinga: The Clerk of this court may not file or accept any further complaints filed by or on behalf of Wylmina Hettinga as a named plaintiff that arise out of facts related to plaintiff's divorce case. If Ms. Hettinga wishes to file a complaint arising out of facts related to her divorce case, she shall provide

1  a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of this order
2  to the Clerk of this court. The Clerk shall then forward the complaint, letter, and copy of this order
3  to the Duty Judge for a determination whether the complaint should be accepted for filing. Any
4  violation of this order will expose plaintiff to a contempt hearing and appropriate sanctions, and any
5  action filed in violation of this order will be subject to dismissal.

Dated: September 30, 2014



RONALD M. WHYTE
United States District Judge

ORDER GRANTING MOTION TO DISMISS
Case No. C-13-2217-RMW     - 8 -
RDS